IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAASON MCALLISTER,** | : | CIVIL NO. 1:12-CV-2273 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOSHUA WEIKEL**, *et al.*, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Presently ripe for disposition is plaintiff's motion (Doc. 51) to compel discovery.  For the reasons set forth below, the motion will be denied.

**I.   Standard of Review**

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought.  See FED. R. CIV. P. 37(a).  The moving party must demonstrate the relevance of the information sought to a particular claim or defense.  The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper.  Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial."  Hickman v. Taylor, 349 U.S. 495, 501 (1947).  The procedural rule defining the scope and limits of discovery provides that "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).  "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted.  The presumption that such matter is discoverable, however, is defeasible." Pearson v. Miller, 211 F.2d 57, 65 (3d Cir. 2000).  Furthermore, the court may limit discovery where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C).

**II.   Discussion**

Plaintiff alleges that he was retaliated against for filing grievances and making verbal complaints. (Doc. 14, ¶¶ 10-11, 23). Specifically, on January 31, 2012, defendants Hoose, Frankenstein, Weikel and Peters came to his cell and issued him "false write ups." (Id. at ¶¶ 10-11).  He was also purportedly subjected to two separate incidents of excessive force on January 31, 2012, during which corrections officers banged his head off a cell wall, struck him in the face and punched, kicked and elbowed him. (Id. at ¶¶ 13, 17).  As a result, his three front teeth were chipped

and he was rendered unconscious. (Id. at ¶¶16, 17). The court evaluates the motion to compel with this claim in mind.

Plaintiff's motion to compel consists of seven (7) separate requests. (Doc. 51). The court will review the discovery requests and responses *in seriatim*.

    A.    <u>Request for medical and dental records</u>

Plaintiff initially requests that the court order defendants to produce his medical and dental records pertaining to the January 31, 2012 incident. (Doc. 51, p. 1; Doc. 52, pp. 1-2). In response, defendants assert that plaintiff should request the medical records directly from PrimeCare Medical. (Doc. 54, p. 1). Defendants do not necessarily object to plaintiff's access to his own medical records. Rather, they appear to urge the court to direct plaintiff to comply with proper procedures to request medical records.

In <u>Bull</u>, the Third Circuit Court of Appeals found no error in the district court's denial of the inmate-plaintiff's motion to compel access to his medical records. <u>Bull v. United States</u>, 143 Fed. App'x 468 (3d Cir. 2005). The court explained that the inmate's "request for medical records from outside medical services contractors, none of whom are parties to this suit, had to be submitted directly to those contractors." <u>Bull</u>, 143 Fed. App'x at 470.

Similarly, PrimeCare Medical is a contracted medical services provider and is not presently a defendant in this action. Plaintiff is entitled to access his own medical records, however his request for medical records should be submitted directly to PrimeCare Medical. There is no evidence that plaintiff has yet executed

3

any request forms. Accordingly, the court will deny plaintiff's motion seeking to compel defendants to produce medical records from an outside medical contractor.

  B. <u>Request for prison transport procedures</u>

Plaintiff next requests "[t]he policy and regulations on the transport of unruly inmates." (Doc. 51, pp. 1-2; Doc. 52, pp. 2-3). Plaintiff asserts that defendants intentionally transported him to a different unit without a camera, in violation of prison policy. (Doc. 52, pp. 2-3). Defendants object to this request based on confidentiality, privilege and security, and as irrelevant to the instant matter. (Doc. 54, pp. 1-2).

When discoverable information raises institutional and security concerns, the court must balance the need for the information and the extent the information compromises security. In the instant matter, defendants' security concerns are valid. Disclosure of the requested information would allow an inmate to learn how internal security transports are handled. Producing prison policies regarding the transport of unruly inmates would reveal confidential practices that inmates could potentially use to their advantage against correctional officers.

Additionally, the requested prison transport procedure is not relevant to plaintiff's excessive force claim. The amended complaint alleges that the assault occurred in prison cells, not during a transport. (Doc. 14, ¶¶ 13, 16, 19).

Balancing the need for the requested policy against the need to maintain prison security, the court will not order the disclosure of the requested transport policy at this time. See <u>Lyons v. Beard</u>, 2010 WL 890009, *3 (M.D. Pa. 2010) (stating that "there are certain internal procedures which must be protected from

disclosure to the public"). Therefore, plaintiff's motion regarding this request will be denied.

    C.    <u>Request for all grievances and lawsuits filed against defendants in the last five (5) years</u>

Plaintiff requests "all grievances, and civil suits ever filed against all defendants within the last five years." (Doc. 52, p. 3). Defendants respond that this request is overbroad and unduly burdensome. (Doc. 54, pp. 2-3). Considering defendants' opposition, Plaintiff thereafter "narrowed" his request to "all lawsuits and grievances filed against the Defendants regarding assaults only." (Doc. 59, p. 4).

Plaintiff's request for all grievances and lawsuits filed against defendants relating to assaults does not pertain to the instant allegations, and the requested information would presumably include confidential information of other inmates. Beyond the obvious privacy concerns surrounding releasing information about other inmates, the release of grievances and lawsuits filed by other inmates may subject those inmates to harassment or retaliation. Moreover, the request is overbroad and unduly burdensome. In sum, plaintiff has failed to sustain his burden of proving the relevance of this requested information. Thus, plaintiff's motion to compel will be denied as to this request.

### D.  Request for prison shower procedures

Next, plaintiff requests "all rules and regulations pertaining to the shower process of prisoners housed in segregation units." (Doc. 52, p. 4). Plaintiff states that he was forced to shower in handcuffs and shackles, which he claims is an inhumane practice. (Id.) In response, defendants note that such information raises institutional and security concerns, and is irrelevant to the allegations in the amended complaint. (Doc. 54, p. 3).

Contrary to plaintiff's assertions, the claims in the amended complaint are based on plaintiff's allegations that defendants used excessive force against him in prison cells. His allegations do not concern the prison shower policies and procedures. Plaintiff failed to offer any explanation as to how the prison's shower procedures will lead to the discovery of evidence that supports his excessive force claim. Accordingly, this request will be denied.

### E.  Request for trial testimony

Plaintiff requests that the court order defendants to produce copies of his trial transcripts. (Doc. 52, pp. 4-5). In support of this request, plaintiff states that it is "costly" to obtain the transcripts. (Id. at p. 5).

To the extent that plaintiff is requesting that the court order defendants to bear the costs of copying trial transcripts, 28 U.S.C. § 1915 does not authorize federal courts to pay for a party's discovery expenses, even if that party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Numerous courts have recognized the limitations of federal courts to relieve indigent litigants from the costs of pre-trial discovery, and have refused such requests. See, e.g.,

Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."); Victor v. Lawler, 2010 WL 2326248, *3-*4 (M.D. Pa. 2010) (Carlson, M.J.) (the law is well-settled that *pro se* litigants must pay for the expenses involved in their civil actions). In addition, the court observes that defendants have submitted relevant portions of the trial transcripts. See (Docs. 75, Ex. A; 80-2, 80-3, 80-4, 80-5). Based on the foregoing, plaintiff's motion will be denied as to this request.

      F.    Request for all documents related to plaintiff's grievances

Plaintiff next requests "any and all documents that came from the prison's [i]nvestigation of all [his] grievances." (Doc. 52, p. 5). Plaintiff acknowledges that defendants "did indeed send [him] some of [his] grievances", though he claims they are of poor quality. (Doc. 59, p. 6). Defendants maintain that "they have fully complied with the request to produce documents related to McAllister's grievances" and they are "unaware of any such documents that have not been produced." (Doc. 54, p. 4). Subsequent to the instant motion, defendants filed a motion to supplement the record wherein they submitted additional grievances that were inadvertently omitted from their previous filings. (Docs. 81-4, 81-5, 81-6).

Defendants cannot produce what they do not possess.  The court accepts defendants' representation that they have complied with plaintiff's request and provided all documents related to plaintiff's grievances.  Accordingly, the motion to compel will be denied as to this request.

      G.     <u>Request for answers to interrogatories</u>

Lastly, plaintiff requests that the court compel responses to interrogatories that he purportedly served on defendants.  (Doc. 51, p. 2; Doc. 52, p. 5).  In response to plaintiff's request for answers to interrogatories, defendants assert that they "never received interrogatories from McAllister" and "cannot locate any interrogatories."  (Doc. 54, p. 4).  The court accepts defendants' representation that plaintiff failed to serve interrogatories on them.[1]  Accordingly, plaintiff's request for the court to compel answers to interrogatories will be denied.  However, in light of plaintiff's *pro se* status, he will be granted the opportunity to re-serve the interrogatories on defendants.  The discovery deadline will be extended for the sole purpose of allowing plaintiff to re-serve his interrogatories.

---

[1] Federal Rule of Civil Procedure 37 provides that a motion for an order compelling discovery must include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  FED. R. CIV. P. 37(a)(1). Plaintiff failed to provide any documentation or certification that defendants failed to respond to his discovery requests.  Moreover, plaintiff failed to provide proof of service or certificates of service indicating the recipients and date of service of any written discovery.

### III. Conclusion

For the reasons set forth above, the motion to compel discovery will be denied.

An appropriate order will issue.

                                        /S/ Christopher C. Conner
                                        Christopher C. Conner, Chief Judge
                                        United States District Court
                                        Middle District of Pennsylvania

Dated:       June 29, 2015