## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAASON MCALLISTER**, | : | **CIVIL NO. 1:12-CV-2273** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOSHUA WEIKEL**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff, Jaason McAllister, an inmate formerly housed at the Dauphin County Prison, Harrisburg, Pennsylvania, at all times material, filed the above-captioned action pursuant to 42 U.S.C. § 1983.  The matter is presently proceeding *via* an amended complaint against defendants Dominic DeRose, Michel Frankinstien, Joseph Hoose, Alek Peters, Steve Smith, Joshua Wiekel, and Kevin Hoch.[1]  (Doc. 14).  For the reasons set forth below, the case will be dismissed for failure to prosecute.

---

[1] By order dated February 27, 2014, the court dismissed the official capacity claims and certain individual defendants.  (Doc. 40).

## I.   __Background__

In the amended complaint, McAllister alleges that he was retaliated against for filing grievances and making verbal complaints. (Doc. 14, ¶¶ 10-11, 23). Specifically, on January 31, 2012, defendants Hoose, Frankenstein, Weikel and Peters came to his cell and issued him "false write ups." (Id. at ¶¶ 10-11). He was also purportedly subjected to two separate incidents of excessive force on January 31, 2012, during which corrections officers banged his head off a cell wall, struck him in the face and punched, kicked and elbowed him. (Id. at ¶¶ 13, 17). As a result, his three front teeth were chipped and he was rendered unconscious. (Id. at ¶¶16, 17).

On February 27, 2014, the court granted in part and denied in part a motion to dismiss the amended complaint. (Doc. 40). After a period of discovery, plaintiff filed a motion to compel discovery. (Doc. 51). By memorandum and order dated June 29, 2015, the court denied plaintiff's motion to compel discovery. (Docs. 91, 92). On July 10, 2015, the June 29, 2015 order was returned as undeliverable, with the notation "unable to forward." (Doc. 94).

Defendants have since moved for summary judgment, arguing, *inter alia*, that McAllister failed to exhaust his administrative remedies prior to filing suit. (Docs. 74, 78). McAllister failed to oppose defendants' motions for summary judgment.

On June 17, 2015, the court granted a motion to supplement the summary judgment record filed by defendants DeRose, Smith, Weikel, Frankenstein, Hoose, and Peters. (Doc. 89). On July 2, 2015, the order granting defendants' motion to

supplement the record was returned to the court as undeliverable, with the notation "unable to forward." (Doc. 93). An inquiry from the Clerk of Court's Office revealed that McAllister is out of custody and has no current address. <u>See</u> (Docket Entry dated July 7, 2015).

On December 11, 2015, the court issued an order directing McAllister to notify the court of his address within twenty (20) days of the date of the order. (Doc. 95). The court forewarned McAllister that his failure to communicate with the court within twenty (20) days would result in dismissal of his case for failure to prosecute and comply with a court order under the authority of Federal Rule of Civil Procedure 41(b). (<u>Id.</u>)

Plaintiff has not communicated with the court, in any fashion, since the filing of a motion to stay on April 16, 2015. (Doc. 86). Therefore, the matter will be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## II.   <u>Discussion</u>

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six (6) factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984) (emphases

omitted).  No single factor is dispositive, and "[e]ach factor need not be satisfied for

the trial court to dismiss a claim."  <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 221 (3d

Cir. 2003).  However, the factors "should be weighed by the district courts in order

to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in

which it is justly merited."  <u>Poulis</u>, 747 F.2d at 870.  The court will address these

factors *in seriatim*.

First, a *pro se* plaintiff is responsible for his failure to comply with a court's

orders and deadlines.  <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 191 (3d Cir. 2002).

McAllister's briefs in opposition to defendants' motions for summary judgment

were due on or before April 3, 2015.  At this point, the court has been waiting more

than nine (9) months for McAllister to move the litigation forward and can only

conclude that he is personally responsible for failing to oppose defendants' motions

for summary judgment.

Second, McAllister's failure to litigate his claim or comply with court orders

and deadlines wholly frustrates and delays the resolution of this action.  In such an

instance, defendants are plainly prejudiced by McAllister's continuing inaction, and

dismissal of the case clearly rests in the discretion of the trial judge.  <u>Tillio v.

Mendelsohn</u>, 256 Fed. App'x 509 (3d Cir. 2007) (concluding that failure to timely

serve pleadings compels dismissal).

Third, McAllister has established a history of dilatoriness through his failure

to oppose defendants' motions, and failure to notify the court of his whereabouts.

As is clear from the procedural background of this case, McAllister failed to comply

with court deadlines and orders.  Based on this conduct, the court finds that over

the past several months, McAllister has delayed this matter to the extent that his

conduct constitutes a "continuous stream of dilatory conduct."  <u>Briscoe v. Klem</u>, 538

F.3d 252, 261 (3d Cir. 2008).  Moreover, a *pro se* plaintiff has the affirmative

obligation to keep the court informed of his address.  <u>See</u> M.D. Pa. L.R. 83.18.

Should such address change in the course of this litigation, the plaintiff shall

immediately inform the court of such change, in writing.  If the court is unable to

communicate with the plaintiff because he has failed to notify the court of his

address, the plaintiff will be deemed to have abandoned the lawsuit.

Fourth, it appears that at least some of this dilatory behavior was performed

willfully and in bad faith, as McAllister has offered no explanation for his failure to

provide the court with his current address, and has been "less than diligent" in

pursuing this matter.  <u>Gagliardi v. Courter</u>, 144 Fed. App'x 267, 268 (3d Cir. 2005)

(holding that the district court did not abuse its discretion by dismissing plaintiff's

complaint for failure to prosecute, where plaintiff failed to respond to defendants'

motion to dismiss for more than three months and this failure to comply prejudiced

defendants).

Fifth, a district court must consider the availability of sanctions alternative to

dismissal.  <u>Poulis</u>, 747 F.2d at 869.  Where a plaintiff is proceeding *pro se*, and

additionally, is proceeding *in forma pauperis*, as in the instant matter, it has been

found that no alternative sanctions exist because monetary sanctions, including

attorney's fees, "would not be an effective alternative."  <u>Emerson</u>, 296 F.3d at 191.

Moreover, the court is incapable of imposing a lesser sanction without knowledge of McAllister's whereabouts.

Lastly, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."  Poulis, 747 F.2d at 869-70, citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982).  The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious.  Poulis, 747 F.2d at 869-70.  Although McAllister's remaining claims survived a motion to dismiss, defendants have set forth cogent arguments in their motions for summary judgment, and McAllister failed to respond to any of these arguments.  See Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994) ("Where a plaintiff makes out a prima facie case, but the defendant raises a prima facie defense, the [meritoriousness of the claim] factor may not weigh in favor of the plaintiff.") (citing Poulis, 747 F.2d at 870).  Thus, the weight of this factor is lessened and, following a full analysis of the factors, the majority of the six (6) factors weigh in favor of defendants.

III.    **Conclusion**

McAllister's last communication with the court was the filing of a motion on April 16, 2015. (Doc. 86). The record clearly indicates that McAllister has been released from custody. McAllister's prolonged failure to notify the court of his whereabouts has forced the court to consider whether to dismiss the instant action for failure to prosecute. After consideration of the <u>Poulis</u> factors, it is clear that the factors militate in favor of dismissal of McAllister's claims.

An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:       January 14, 2016